IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| SEUNG HWA LEE, | ) | |
| | ) | Number 21-40304-EJC |
| *Debtor.* | ) | |

## ORDER DENYING WITHOUT PREJUDICE
## APPLICATION FOR UNCLAIMED FUNDS

Before the Court is the Application for Unclaimed Funds (dckt. 156) filed by an applicant (the "Applicant") purporting to be Seung Hwa Lee, the Debtor in this Chapter 7 case. The Debtor filed a Chapter 13 petition on May 11, 2021. (Dckt. 1). In his Schedule A/B, he listed real property commonly known as 2809 Heritage Oaks Circle, Dacula, Georgia 30019, which he valued at $287,300.00. (Dckt. 1, p. 10, ¶ 1.1). The Court confirmed the Debtor's plan on September 16, 2021. (Dckt. 45).

On March 21, 2022, the Chapter 13 Trustee moved to convert the case from Chapter 13 to Chapter 7, asserting that conversion would be in the best interest of creditors based on non-exempt equity in the real property. (Dckt. 69). On May 12, 2022, the Court entered a consent order conditionally denying the motion to convert. (Dckt. 74). After the Chapter 13 Trustee filed a notice of noncompliance on August

1

11, 2022, the Court entered an order converting the case from Chapter 13 to Chapter 7 on September 13, 2022. (Dckt. 78, 86).

Following the conversion, on November 28, 2022, the Chapter 7 Trustee moved to sell the real property for $375,000.00. (Dckt. 110). The Court granted the motion to sell on December 8, 2022, and the Chapter 7 Trustee filed a report of sale on December 14, 2022. (Dckt. 117, 121). On December 16, 2022, the Debtor received a discharge. (Dckt. 122). Six months later, on June 7, 2023, the Chapter 7 Trustee filed her Final Report reflecting gross receipts in the amount of $375,335.02 and a balance of $109,364.96 available for distribution. (Dckt. 142, p. 1). Five months after that, on November 13, 2023, the Chapter 7 Trustee filed her Final Account and Distribution Report Certification reflecting a surplus to the Debtor of $57,395.34, which the Trustee deposited with the Clerk of Court as unclaimed funds after the Debtor failed to negotiate the Trustee's check. (Dckt. 154, p. 3, Ex. 2). The Court entered a final decree closing this case on November 14, 2023. (Dckt. 155).

On December 5, 2023, the Applicant filed the instant Application for Unclaimed Funds, along with supporting documentation. (Dckt. 156, 157). The Applicant requested the entirety of the $57,395.34 in unclaimed funds. (Dckt. 156, p. 1). Based on certain irregularities in the application, the Clerk scheduled a hearing

2

for January 10, 2024.[1] (Dckt. 158). At the hearing, the Court heard from the Chapter 7 Trustee and from Debtor's counsel. The Debtor did not appear. According to the Chapter 7 Trustee, the application contained multiple indicia of fraud, including an incorrect notary expiration date and an email address for the Applicant (seunghwaleedragon88@gmail.com) similar to those involved in other fraudulent applications. For his part, Debtor's counsel stated that he had repeatedly attempted to contact his client since the real property was sold, to no avail. At the conclusion of the hearing, the Court announced that the application would be denied without prejudice based on the Applicant's failure to appear.

Under § 347(a) of the Bankruptcy Code, "[n]inety days after the final distribution" in a Chapter 7 case, "the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347(a). Those funds "shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of" the court. 28 U.S.C. § 2041. After five years, the funds must be "deposited in the Treasury in the name and to the credit of the United States." 28 U.S.C. § 2042. "Any claimant entitled to any such money

---

[1] Among other things, the signature on the application (dckt. 156, p. 2) bears no resemblance to the signature on the Debtor's purported driver's license (dckt. 157, p. 2) included with the supporting documentation. Nor does either signature resemble the Debtor's signatures that appear on documents attached to proofs of claims filed in the claims register. *See* Claim No. 1-1, p. 15; Claim No. 2-1, p. 4; Claim No. 5-1, pp. 13, 27, 31, 33, 36, 42.

3

may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." *Id.*

"The bankruptcy court has a duty to ensure that unclaimed funds are disbursed to the proper party." *In re Rodriguez*, 488 B.R. 675, 678 (Bankr. E.D. Cal. 2013) (quoting *In re Pena*, 456 B.R. 451, 453 (Bankr. E.D. Cal. 2011)). "Therefore, the burden rests on the applicant to prove that it is presently entitled to the unclaimed funds sought." *Id.* (quoting *Pena*, 456 B.R. at 453). Here, the Applicant failed to appear at the January 10, 2024 hearing and thus failed to carry his burden under 11 U.S.C. § 347(a) and 28 U.S.C. § 2042. Therefore, the Court hereby **DENIES WITHOUT PREJUDICE** the Application for Unclaimed Funds.

Dated at Savannah, Georgia, this 16th day of January, 2024.

_____
Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia